UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 14-bk-08950 |
| | ) | |
| Shirley T. Sherrod MD, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Timothy A. Barnes |
| | ) | |

TIMOTHY A. BARNES, Judge.

## MEMORANDUM DECISION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in the Northern District of Illinois. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (G).

## PROCEDURAL HISTORY

The matter before the court is the Motion of Debtor to Quash Subpoena (the "Motion to Quash") [Docket No. 99] brought by John H. Redfield ("Former Counsel") to Shirley T. Sherrod MD (the "Debtor"). In considering the Motion, the court has reviewed and considered the Motion itself, as well as the underlying Order Authorizing Rule 2004 Examination of Shirley T. Sherrod, M.D. (the "2004 Order") [Docket No. 51] and the motion underlying the 2004 Order, the Michael S. Sherman, D.O., P.C.'s Routine Motion for Rule 2004 Exam (the "2004 Motion") [Docket No. 43]. The court has also considered the arguments of counsel for Michael S. Sherman, D.O., P.C. (the "Creditor"), Former Counsel and the United States Trustee at the June 17, 2014 hearing on the Motion.

## FACTUAL HISTORY

The factual history of the above-captioned case is troubled and extensive. Among other things, there exists an open question as to whether the Debtor has properly asserted venue of this bankruptcy case in this District. Objections to venue, of course, may be waived, and no party has chosen to prosecute an objection in that regard. That issue therefore need not be addressed today.

Further, the Creditor has repeatedly attempted to use this case to further its state-court cause of actions against the Debtor. Those attempts have, for the most part, failed.

One instance where they did not, however, is when the Creditor sought by way of the 2004 Motion discovery from the Debtor (and by extension, from Former Counsel). Given that a legitimate bankruptcy purpose appeared then and continues to appear to exist for such discovery, the court granted the request.

1

Subsequent to the entry of the 2004 Order, however, the Debtor's counsel sought to withdraw from his representation of her. After several hearings on the request, the court permitted the withdrawal. As no substitute counsel has appeared for the Debtor in these cases, the court must conclude that the Debtor is now appearing *pro se*.

Despite that withdrawal, Former Counsel subsequently filed the Motion to Quash, ostensibly on behalf of the Debtor. In the Motion to Quash, Former Counsel seeks to quash a subpoena issued by the Creditor under the authority of the 2004 Order. In particular, Former Counsel asserts the attorney-client privilege with respect to the Creditor's attempt to ascertain the source of payment of Former Counsel's retainer in this matter. The Creditor, of course, opposes the Motion to Quash, and is supported in that opposition by the United States Trustee. The *pro se* Debtor has not appeared with respect to this issue.

## QUESTIONS PRESENTED

The initial question presented to the court is whether the Creditor's request for information regarding Former Counsel's retainer is properly within the scope of the 2004 Order. Presuming for the moment it is, the second question presented is whether Former Counsel can assert the attorney-client privilege on behalf of the Debtor. Again, presuming for the moment that it can, the third question presented is whether such privilege applies here. That third question consists of several subquestions, namely: (a) Is the payment information regarding Former Counsel's retainer exempt from the privilege because such information is not a "communication" protected by the privilege?; (b) If payment information is a communication, does Former Counsel's disclosure requirement under Fed. R. Bankr. P. 2016(b) and 11 U.S.C. § 329 nonetheless override such claim of privilege?; and (c) If it does not, does the Debtor's obligation to disclose such financial information to the court and Former Counsel's independent obligation to verify such disclosures nonetheless override such claim of privilege?

For the reasons more clearly stated below, the court answers the first and second questions in the affirmative. With respect to the third question, the court answers the first subquestion in the negative. As a result, the additional subquestions need not be considered and Former Counsel's Motion to Quash will be denied.

## DISCUSSION

I.    THE SCOPE OF THE SUBPOENA

The 2004 Order authorized the Creditor to subpoena documents and testimony pursuant to Federal Rule of Bankruptcy Procedure 2004 from the Debtor. A Rule 2004 examination may relate to "the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." Fed. R. Bank. P. 2004(b). The Creditor's subpoena, which seeks production of "[c]opies of checks, wire transfer information or other method of payment and information concerning the accounts from which funds were drawn …, payments from the Debtor for attorneys' fees …, and claims by the law firms… against the Debtor for outstanding attorneys' fees," is narrowly tailored to information concerning Former Counsel's retainer. Accordingly, the Creditor's request for information regarding Former Counsel's retainer is within the scope of the 2004 Order and the subpoena is proper.

2

II.  FORMER COUNSEL'S STANDING TO ASSERT THE PRIVILEGE

The law is well established that it is the client that holds the attorney-client privilege, *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 477 (N.D. Ill. 2002), and that it is the holder of the privilege who has the standing to assert it.

The Debtor here, as the holder of the privilege, has not been heard. Instead, Former Counsel filed the Motion to Quash, ostensibly on behalf of the Debtor. It is difficult to see how counsel who has withdrawn from the representation of a party may nonetheless purport to act on behalf of that party in subsequent matters before the court.

Nonetheless, as the Debtor has not waived the privilege, the Debtor remains the holder of the privilege and Former Counsel has an obligation and therefore standing to assert attorney-client privilege on her behalf. *In re January 1976 Grand Jury*, 534 F.2d 719, 728 (7th Cir. 1976). A Debtor may waive the privilege by voluntarily disclosing confidential attorney-client communication or authorizing her attorney to do so. *In re Carter*, 62 B.R. 1007, 1014 (Bankr. C.D. Cal. 1986). As the Debtor in this case has neither disclosed confidential information nor consented to its disclosure on her behalf, Former Counsel has standing to assert the privilege on Debtor's behalf.

III.  WHETHER PAYMENT INFORMATION CONSTITUTES A PRIVILEGED COMMUNICATION

Former Counsel, as the party seeking to invoke the attorney-client privilege, bears the burden to establish all of the essential elements of the attorney-client privilege. *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991).

However, it is well established that payment information is not a "communication" protected by attorney-client privilege. *January 1976 Grand Jury*, 534 F.2d at 728 ("The general rule is that, barring unusual circumstances, matters involving the receipt of fees from a client are not privileged."). Rather, the Bankruptcy Code requires attorneys to disclose payment information. Section 329(a) indicates that an attorney representing a debtor must disclose any payments received, and must include "the source of such compensation." 11 U.S.C. § 329. Federal Rule of Bankruptcy Procedure 2016 similarly requires that applications for compensation disclose the source of compensation paid to the attorney by the debtor.

Moreover, for a communication between an attorney and client to obtain privilege, it must concern a fact communicated to the attorney by the client for the purpose of receiving an opinion on law or legal services. *White*, 950 F.2d at 430. Financial information regarding the fact and source of payment of Former Counsel's retainer fee exceeds this narrow scope of privileged communication as, in and of itself, it involves neither legal advice nor services. *January 1976 Grand Jury*, 534 F.2d at 728. Accordingly, "information concerning the fee arrangement between an attorney and client has been consistently held to be outside of the parameters of the attorney-client privilege." *Carter*, 62 B.R. at 1012.

Because payment information is not a communication protected by the attorney-client privilege and there are no unusual circumstances asserted by Former Counsel, the court does not need to consider subquestions (b) and (c) concerning whether disclosure requirements under Federal Rule of Bankruptcy Procedure 2016(b) and 11 U.S.C. § 329 override the privilege.

3

## CONCLUSION

For the foregoing reasons, the court concludes that Former Counsel's Motion to Quash is denied.

A separate order will be issued, concurrent with this Memorandum Decision, denying the Motion to Quash for the reasons stated herein.

Dated: June 20, 2014

_____
Timothy A. Barnes
United States Bankruptcy Judge